FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 09 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SHARON LOMAX,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------- X

09-CV-1451 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Plaintiff Sharon Lomax, proceeding pro se, commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c)(3). She seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") that she was not disabled under the Act for the purposes of receiving Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Now before the court is the Commissioner's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion is denied and the case is remanded.

## BACKGROUND

Following a September 29, 2008 hearing at which plaintiff appeared pro se, R. 237-49, Administrative Law Judge Manuel Cofresi (the "ALJ") issued a decision, dated October 31, 2008, finding that plaintiff was not disabled under the Act, R. 10-20. The Appeals Council denied plaintiff's request for review on March 6, 2009, making the ALJ's decision the final decision of the Commissioner on that date. R. 3.

At the time of the hearing, plaintiff was 43 years old. R. 241. She had a ninth-grade education and recent work experience as the manager of a White Castle fast-food restaurant.

R. 75, 242. Plaintiff claimed that she had been dismissed from that position due to her illness and illness-related absences. R. 74, 243. She indicated that her work-limiting disabilities included high blood pressure, asthma, chronic obstructive pulmonary disease, breathing problems, acid reflux, and depression. R. 74. Plaintiff stated, "I suffer from shortness of breath. I have difficulty standing and walking, I get out of breath just doing those things. I also have problems lifting and carrying things. I have trouble concentrating and remembering. I am very depressed and I am not able to work." Id. Plaintiff indicated that she took nine medications, including the antidepressant Lexapro, which had been prescribed for her by South Shore Family Medical Association. R. 78.

As summarized by the ALJ, the record contains treatment reports from the Peninsula Hospital Center, where plaintiff sought attention for chest pain, shortness of breath, and back pain and was hospitalized for ten days in November 2007; South Shore Family Medical Association, where plaintiff sought treatment for bronchitis, asthma, high blood pressure, and chronic obstructive pulmonary disease; North Shore Long Island Jewish Health System, where plaintiff sought treatment for right nipple discharge; and Five Towns Neurology, where plaintiff sought treatment for pain and numbness in her back and extremities. R. 15-17; see also R. 244. In addition, the ALJ received the reports of "Slovis," a medical consultant, and Jerome Caiati, M.D., who performed a consultative physical examination of plaintiff. R. 15.

The record contains no mental-health reports by treating physicians. It does, however, contain the report of a consultative psychiatric evaluation by Arlene Broska, Ph.D, and the report of "Burnstein, Y., Psychology," who reviewed plaintiff's record. R. 16-17.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (internal citations omitted). "Substantial evidence" is "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). An evaluation of the "substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. See Tejada v. Apfel, 167 F.3d 770, 773-74 (2d Cir. 1999). Accordingly, the reviewing court may not "substitute its own judgment for that of the ALJ, even if it might have reached a different result upon a de novo review." Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)).

In light of the non-adversarial nature of disability proceedings, the ALJ is under an important, affirmative obligation to fully develop the administrative record. Moran v. Astrue, 569 F.3d 108, 112. Although the ALJ must develop the record whether or not a claimant is represented by counsel, "[w]hen a claimant properly waives his right to counsel and proceeds pro se, the ALJ's duties are 'heightened.'" Id. at 113 (citing Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir.1990)). In particular, the ALJ must make every reasonable effort to help an applicant get reports from his medical sources. 20 C.F.R. §§ 404.1512(d), 416.912(d). The ALJ must seek additional evidence or clarification when the "report from claimant's medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary

3

information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

In this case, the ALJ did not fulfill his affirmative obligation to develop the record. Although the ALJ recognized that plaintiff suffered from depression, for which she took Lexapro, he failed to obtain records from the treating source relating to plaintiff's original depression diagnosis and Lexapro prescription. See R. 13-15. In addition, a letter dated April 26, 2007 indicates that plaintiff was scheduled for an unspecified surgery in September of that year, but the record contains no evidence of what type of surgery was scheduled and whether it occurred. See R. 114. Both of these obvious gaps in plaintiff's medical records concern her treatment at South Shore Family Medical Association, from which the record contains only the notes of physician's assistants, not of the treating doctors. The administrative record does not reveal that the ALJ identified these gaps in plaintiff's treatment history or attempted to fill them. During the September 29, 2008 hearing in this case, the ALJ failed to ask plaintiff about these particular issues. See R. 244.

The missing mental-health records are particularly important to the determination of whether plaintiff is disabled. In his decision, the ALJ found that plaintiff was limited to sedentary work and therefore could not perform her prior relevant job as a fast-food restaurant manager. R. 14, 19. Thus, he reached the fifth step of the Social Security Administration's five-step, sequential evaluation process for evaluating disability claims. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At that step, the Commissioner bears the burden of proof to show that plaintiff is able to engage in other gainful employment in the national economy. See Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999). "In the ordinary case," the Commissioner may meet his burden by resorting to the Medical-Vocational Rules, or "grids." Bapp v. Bowen, 802 F.2d 601, 604 (2d

Cir.1986). The grids take into account a claimant's residual functional capacity, in conjunction with her age, education and work experience, and indicate whether the claimant can engage in any substantial gainful work existing in the national economy. Rosa, 168 F.3d at 77. Sole reliance on the grids is inappropriate, however, where a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations." Bapp, 802 F.2d at 605; see Rosa, 168 F.3d at 78. "In these circumstances, the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.'" Rosa, 168 F.3d at 78 (quoting Bapp, 802 F.2d at 603); see SSR 96-9p ("Where there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual resides or in several regions of the country."). In this case, the ALJ relied on the grids to determine that plaintiff was not disabled. R. 19 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.25). With respect to plaintiff's history of mental-health problems, he wrote, "[T]he additional limitations have little or no effect on the occupational base of unskilled sedentary work." R. 19-20. The ALJ did not consult a vocational expert before he reached this conclusion, nor did he cite examples of jobs that plaintiff could perform. Whether he was required to do so depends on a proper assessment of plaintiff's mental impairments, based on a fully developed record.

In addition, the ALJ's assessment of plaintiff's mental impairment is not supported by substantial evidence even on the current record. Based on the opinions of Dr. Broska and Y. Burstein, the ALJ found that plaintiff "can perform simple tasks independently, make appropriate decisions, and relate adequately to others." R. 18. The ALJ did not adequately address Dr.

Broska's opinion that plaintiff "may be distractible at times. She may have some difficulty learning new tasks and may have difficulty maintaining a regular schedule. . . . She may not appropriately deal with stress." R. 126. Under Social Security Ruling 85-15, two sets of mental capabilities are required for unskilled work; one must be able both to understand and carry out simple instructions and also to cope with the stress and demands of any work environment. SSR 85-15; Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769-70 (1st Cir. 1991). The ALJ failed to address whether plaintiff is mentally capable of dealing with the stress and demands of the workplace. Thus, the ALJ did not fulfill his legal obligation to adequately explain his reasoning in making the findings on which his ultimate decision rests and, in doing so, to address all the pertinent evidence. See, e.g., Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998); Ferraris v. Heckler, 728 F.2d 582, 586-87 (2d Cir.1984).

Finally, the ALJ did not adequately assess plaintiff's credibility with respect to her symptoms. R. 18. In particular, the ALJ found that plaintiff's statements concerning the intensity and limiting effect of her symptoms are "not credible to the extent they are inconsistent" with the ALJ's residual functional capacity assessment. Id. In so finding, the ALJ relied on the "conservative" nature of plaintiff's treatment and the fact that her medications were "not unusual for either type of dosage, and they appear to have been effective without adverse side effects." Id. Because the ALJ did not develop the record with the details of plaintiff's scheduled surgery, his conclusion that her treatment was conservative is unjustified. He also failed to address plaintiff's statement that, in addition to Lexapro, she took at least eight other medications and experienced side effects including dizziness, drowsiness, and weakness in the legs. R. 78.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is denied, the Commissioner's decision denying plaintiff DIB and SSI is vacated, and the case is remanded for further administrative proceedings. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

---
Allyne R. Ross
United States District Judge

Dated:      June 6, 2011
              Brooklyn, New York

**SERVICE LIST**

    <u>Pro Se Plaintiff</u>
    Sharon Lomax
    146 Beach 59th Street
    Apt. 412
    Far Rockaway, NY 11692